**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abel ABARCA–SANTOS, Defendant– Appellant.**

No. 01–6057.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before SILER and DAUGHTREY, Circuit Judges, and ALDRICH, District

Judge.*

### ORDER

Abel Abarca–Santos pleaded guilty to illegally re-entering the United States after a previous deportation. *See* 8 U.S.C. § 1326. The district court found that he had committed an aggravated felony before his previous deportation, which increased his base offense level and resulted in a sentencing range of 70–87 months of imprisonment. *See* USSG § 2L1.2(b)(1)(A) (2000). On August 10, 2001, Abarca–Santos was sentenced to seventy months of imprisonment and three years of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Abarca–Santos does not challenge the validity of his federal conviction. Instead, he primarily argues that the district court miscalculated his base offense level under the sentencing guidelines. We generally review the sentencing court's legal conclusions *de novo*, while examining its factual findings for clear error. *United States v. Henderson*, 209 F.3d 614, 617 (6th Cir. 2000).

Abarca–Santos argues that the district court erred by increasing his base offense level under USSG § 2L1.2. That guideline assigns an initial base offense level of 8 to a defendant who has been convicted of unlawful entry, which is increased by 16 levels if he previously was deported after being convicted of "an aggravated felony." USSG § 2L1.2(b)(1)(A) (2000). In applying this guideline, the district court properly found that a California state court had sentenced Abarca–Santos to sixteen months of imprisonment in 1995, as he had pleaded guilty to taking a motor vehicle without the owner's consent in violation of California Vehicle Code § 10851. That statute provided in pertinent part as follows, when Abarca–Santos was sentenced in 1995:

> (a) Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle ... is guilty of a public offense and, upon conviction thereof, *shall be punished by imprisonment in the state prison for 16 months or two or three years* or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in the county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both.

Cal. Veh.Code § 10851(a) (1995) (emphasis added).

Nevertheless, Abarca–Santos argues that his 1995 conviction was not an aggravated felony as prescribed by § 2L1.2, because it was not punishable by imprisonment for a term exceeding one year. *See generally* USSG § 2L1.2, comment. (n.1) (2000). However, it appears that this argument is based on the current version of § 10851(a) which, as revised in 1997, no longer includes an explicit provision for felony sentencing. *See* Cal. Veh.Code § 10851(a) (2002). Abarca–Santos was sentenced under the former version of § 10851(a), and that version expressly authorized the sixteen-month sentence that he received in 1995. *See* Cal. Veh.Code § 10851(a) (1995). Thus, the district court

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

properly increased Abarca–Santos's base offense level because his vehicular theft conviction was an aggravated felony within the meaning of USSG § 2L1.2(b)(1)(A). Indeed, all of Abarca–Santos's current arguments are unavailing in light of the specific language that was contained in the 1995 version of § 10851(a).

Accordingly, the district court's judgment is affirmed.